DAG/bc

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

FILED IN OPEN COURT
DEC 2 9 2003
CHARLES R. DIARD, JR.
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | *  CRIMINAL NO. 03-00265-CB |
| v. | *  USAO NO. 03R00527 |
| | * |
| ALEX GUERRERO and | *  VIOLATIONS: |
| CESAR LNU | *    18 USC § 1956(a)(1)(A)(i) |
| | *    18 USC § 1957 |
| | *    18 USC § 982(a)(1) |

**INDICTMENT**

**THE GRAND JURY CHARGES**:

**COUNTS ONE AND TWO**

On or about each of the dates listed below, in the Southern District of Alabama, Southern Division, and elsewhere, the defendants,

**ALEX GUERRERO and
CESAR LNU**

aided and abetted by one another and by Miguel Borda, aka Chiqui, and by Luz Elena Duque, aka Lulu, and by others, both known and unknown to the Grand Jury, did knowingly conduct, cause to be conducted and attempt to conduct financial transactions affecting interstate and foreign commerce, to wit: the sending and receiving of monies wired through financial institutions, which involved the proceeds of a specified unlawful activity, to-wit: the distribution of controlled substances in violation of Title 21, United States Code, Section 841(a) and 846, with intent to promote the carrying on of the specified unlawful activity and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, source, ownership and control of the proceeds of the specified unlawful activity. While conducting, causing to be conducted, and

attempting to conduct such financial transactions, the defendants knew that the funds involved in the financial transactions, in the amounts set forth below, represented some form of unlawful activity:

| COUNT | DATE | DOLLAR AMOUNT |
|---|---|---|
| **One** | June 12, 2003 | $190,000.00 |
| **Two** | June 17, 2003 | $ 93,000.00 |

In violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), Section 1956(a)(1)(B)(i), and Section 2.

## COUNTS THREE AND FOUR

On or about each of the dates listed below, in the Southern District of Alabama, Southern Division, and elsewhere, the defendants,

**ALEX GUERRERO and**
**CESAR LNU**

aided and abetted by one another and by Miguel Borda, aka Chiqui, and by Luz Elena Duque, aka Lulu, and by others both known and unknown to the Grand Jury, did knowingly engage and attempt to engage in monetary transactions by, through and to financial institutions, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is the deposit and transfer of funds, in the amounts set forth below, such property having been derived from a specified unlawful activity, to-wit: the distribution of controlled substances in violation of Title 21, United States Code, Section 841(a) and 846:

| COUNT | DATE | DOLLAR AMOUNT |
|---|---|---|
| **Three** | June 12, 2003 | $190,000.00 |
| **Four** | June 17, 2003 | $ 93,000.00 |

In violation of Title 18, United States Code, Section 1957 and Section 2.

## COUNT FIVE

From in or about November of 2002 to in or about November of 2003, in the Southern District of Alabama, Southern Division and elsewhere, the defendants,

**ALEX GUERRERO and
CESAR LNU**

did knowingly commit violations of Title 18, United States Code, Section 1956 and Section 1957, as alleged in Counts One through Four of this indictment, which are incorporated by reference herein.

Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction, the defendants shall forfeit to the United States all right, title, and interest in any and all property involved in said transactions in violation of Title 18, United States Code, Sections 1956 and 1957, and all property traceable to such property, including the following: 1) all money or other property that was the subject of each transaction; 2) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and 3) all property used in any manner or part to commit or to facilitate the commission of those violations, as to which properties the said defendants are jointly and severally liable.

The United States intends to forfeit property of the defendants including, but not limited to, the following:

A. For each defendant, the sum of money equal to the sum involved in each of the violations set forth in Counts One through Four;

B. For each defendant, all property involved in the violations set forth in Counts One through Four of this Indictment, and all property traceable thereto, including but not limited to the following :

$300,119.00 in United States currency;

C. For each defendant, all other property of the defendant, up to the value of any property described in subparagraphs A and B above, if by any act or omission of the defendant said property, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, in which case such other property shall be substituted and forfeited to the United States pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b).

In violation of Title 18, United States Code, Section 982(a)(1).

A TRUE BILL

*[signature]*

FOREMAN, UNITED STATES GRAND JURY
SOUTHERN DISTRICT OF ALABAMA

DAVID P. YORK
UNITED STATES ATTORNEY
by:

_____
Deborah A. Griffin
Assistant U.S. Attorney

_____
Gina S. Vann
Assistant U.S. Attorney
Chief, Criminal Division         DECEMBER 2003